UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MILTON DAVID PLUMMER,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00235-MMD-CBC

ORDER

This amended *pro se* petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and for consideration of Petitioner's motion for leave to supplement the amended petition to include an additional ground. Following initial review, the Court will grant Petitioner's motion for leave to add an additional ground to his Petition and will direct service and a response.

It is therefore ordered that Petitioner's motion to supplement his Petition to allege one additional ground (ECF No. 9) is granted. The amended petition will therefore comprise ECF No. 8 and ECF No. 9.

It is further ordered that the Clerk add Nevada Attorney General Aaron D. Ford as attorney for Respondents and informally electronically serve the Nevada Attorney General with a copy of the Petition and this order.

It is further ordered that Respondents file a response to the amended petition (ECF Nos. 8, 9), including potentially by motion to dismiss, within 60 days of the date of entry of this order and that Petitioner may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule 7-2(b).

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents must not file a response in this case that consolidates their procedural defenses, if any,

with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents file a set of state court exhibits relevant to the response filed to the Petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that any hard copy of the exhibits for this case be forwarded to the Las Vegas Clerk's Office.

DATED THIS 5th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE