UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILTON DAVID PLUMMER,<br><br>                            Petitioner,<br>    v.<br>RENEE BAKER, *et al.*,<br><br>                            Respondents. | Case No. 3:19-cv-00235-MMD-CLB<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by *pro se* Petitioner Milton David Plummer, an incarcerated person in Nevada. Currently before the Court is Respondents' Motion to Dismiss (ECF No. 13) ("Motion") certain claims in Plummer's Amended Petition for Writ of Habeas Corpus (ECF No. 8) ("Amended Petition"). Plummer has opposed (ECF No. 13) the Motion.[1] For the reasons discussed below, the Court grants the Motion.

**I.   BACKGROUND**

Plummer has been incarcerated since 2002 pursuant to two separate convictions imposed by the Second Judicial District Court for Washoe County. *State v. Plummer*, Case Nos. CR01-2427, CR01-2499B.[2] The Nevada Supreme Court affirmed both convictions on direct appeal, and later affirmed the denial of post-conviction relief. *Plummer v. State*, Case Nos. 40170, 40185, 44619, 44621.[3]

---

[1]Respondents did not file a reply and the deadline for doing so expired without request for extension.

[2]The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[3]In 2005, Plummer filed a habeas petition in the District of Nevada, Case No. 3:05-cv-00610-HDM-RAM, challenging the judgment of conviction in Case No. CR01-2427. The

1

In January 2018, Plummer filed a *pro se* state petition for writ of habeas corpus ("State Petition") in the Eleventh Judicial District Court for Pershing County, seeking the application of statutory credits to his sentence under *Williams v. State*, 133 Nev. ---, 402 P.3d 1260 (2017). (ECF No. 14-2.) Respondents filed a motion to dismiss the state petition arguing that Plummer's state petition was moot because he discharged his sentence in CR01-2427 prior to filing the state petition, and the appropriate credits had already been applied to his sentence in CR01-2499B pursuant to *Williams*. (ECF No. 14-6.) Plummer opposed the dismissal motion (ECF No. 14-7), but his state petition was denied as moot (ECF No. 14-9). Plummer appealed. In April 2019, the Nevada Court of Appeals affirmed the denial of relief. (ECF No. 14-36.)

On May 8, 2019, Plummer initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) He subsequently amended and supplemented his claims. (ECF Nos. 8, 9.) The Amended Petition asserts four due process violations related to his statutory credits under NRS § 209.4465 and the *Williams* decision.

Respondents have moved to dismiss the Amended Petition because Plummer's claims are not cognizable in federal habeas.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497

---

petition was dismissed with prejudice, the Court of Appeals for the Ninth Circuit affirmed the decision, and the Supreme Court denied a writ of certiorari.

U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *McGuire*, 502 U.S. at 67-68 (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process to justify federal habeas relief unless petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

First, the Court will dismiss the Amended Petition as non-cognizable in federal habeas. Although Plummer mentions his due process rights under the Fifth and Fourteenth Amendments, his claims present no federal question as they plainly hinge on the application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). The Nevada courts rejected his arguments on state law grounds. Because Plummer's claims present questions of state law, they are not cognizable in federal habeas corpus proceedings.

Second, Plummer's claims are not cognizable because success on the merits of the claims "would not necessarily lead to immediate or speedier release." *Nettles v. Grounds*, 830 F.3d 922, 934–935 (9th Cir. 2016). Habeas relief is not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." *Id.* at 933-34 (quotation omitted). Here, if Plummer were to succeed on his claims, it would mean an earlier parole hearing. But an earlier parole hearing will not necessarily lead to a petitioner's immediate or speedier release because the parole board has the authority and discretion to grant or deny parole. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867

(Nev. 2008) (citing NRS § 213.1099(2) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole.")). Because success on Plummer's claims would not necessarily lead to his immediate or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint under 42 U.S.C. § 1983. *See, e.g., Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019).[4]

**III.     CONCLUSION**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 13) is granted.

It is further ordered that Milton David Plummer's Amended Petition for Writ of Habeas Corpus (ECF No. 8) is dismissed with prejudice as non-cognizable.

It is further ordered that Plummer is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition to be debatable or wrong.

The Clerk of Court is further instructed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

DATED THIS 2nd day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]The Court has not completed a review of other potential issues that may arise if Plummer files a § 1983 complaint. This order does not explicitly or implicitly find that a § 1983 complaint would be free of deficiencies, procedural or otherwise. In addition, the Court expresses no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles*, 830 F.3d at 932.

The Court also declines to recharacterize the Amended Petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Nettles*, 830 F.3d. at 935-36. However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* at 935-36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's *pro se* filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). Here, the Amended Petition is not amenable to conversion on its face because it is not clear that Plummer has named the proper defendant or whether recharacterization would disadvantage Plummer.